1
2
3
4
5
6
7
8    **UNITED STATES DISTRICT COURT**
9    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  ERIC CHATMAN, <br> CDCR #BI-6355, | Case No. 3:19-cv-1466-MMA-BGS |
| 12 <br> 13                                    Plaintiff, | **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g);** |
| 14           v. | |
| 15 <br> 16  TOYOTA OF ESCONDIDO, et al., | **[Doc. No. 2]** |
| 17                                    Defendants. | **DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |
| 18 | |

19

20      Plaintiff Eric Chatman, a state inmate currently incarcerated at San Quentin State

21   Prison ("SQSP") located in San Quentin, California, has filed a civil action. *See* Doc.

22   No. 1. Plaintiff also moves to proceed *in forma pauperis* ("IFP"). *See* Doc. No. 2.

23   **I.      Relevant Law**

24      "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County*

25   *Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners" like Plaintiff, however,

26   "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount

27   of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v.*

28                                          1

*Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious

2

physical injury' at the time of filing.").

**II.    Analysis**

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

The Court takes judicial notice that Plaintiff, while incarcerated, has brought at least three prior civil actions which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). These actions include:

1) *Chatman v. Toyota of Escondido, et al.*, Civil Case No. 3:17-cv-01853-BAS-JLB (S.D. Cal. Nov. 8, 2017) (Order Dismissing Action for failing to state a claim and without leave to amend) (strike one);

2) *Chatman v. Cush Acura, et al.*, Civil Case No. 3:17-cv-01852-WQH-JLB) (S.D. Cal. Nov. 21, 2017) (Order Dismissing Action for failing to state a claim and without leave to amend) (strike two);

3) *Chatman v. Super 8 Motel, et al.*, Civil Case No. 3:17-cv-02517-DMS-JMA (S.D. Cal. Feb. 15, 2018) (Order Dismissing Action for failing to state a claim and without leave to amend) (strike three);

4) *Chatman v. Super 8 Motel Co., et al.*, Civil Case No. 3:18-cv-00213-BAS-NLS (S.D. Cal. Feb. 20, 2018) (Order Dismissing Action as frivolous and without leave to amend) (strike four).

1       Accordingly, because Plaintiff, while incarcerated, has accumulated at least the

2 three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible

3 allegation" that he faced imminent danger of serious physical injury at the time he filed

4 his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See*

5 *Cervantes*, 493 F.3d at 1055; *Rodriguez,* 169 F.3d at 1180 (finding that 28 U.S.C.

6 § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes

7 prisoners with a history of abusing the legal system from continuing to abuse it while

8 enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984)

9 ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

10 **III.**     **Conclusion**

11       Accordingly, the Court:

12       1)     **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) as barred by 28

13 U.S.C. § 1915(g);

14       2)     **DISMISSES** this civil action without prejudice for failure to pay the full

15 statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

16       3)     **CERTIFIES** that an IFP appeal from this Order would be frivolous and

17 therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

18       4)     **DIRECTS** the Clerk of Court to enter judgment and close the file.

19       **IT IS SO ORDERED**.

20 DATE: August 8, 2019

21                                 HON. MICHAEL M. ANELLO

                                  United States District Judge